

```
                                    ┌─────────────────────────┐
                                    │         FILED           │
                                    │  ┌───────────────────┐  │
                                    │  │   OCT - 3 2011     │  │
                                    │  └───────────────────┘  │
                                    │ UNITED STATES BANKRUPTCY COURT │
                                    │ EASTERN DISTRICT OF CALIFORNIA │
                                    └─────────────────────────┘
```

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 10-20007-E-13 |
| | ) | |
| KATYHY DIANE DITTIMUS, | ) | |
| | ) | |
| Debtor. | ) | |
| ———————————————— | ) | |
| | ) | |
| KATHY DIANE DITTIMUS, | ) | Adv. Pro. No. 10-2174 |
| | ) | Docket Control No. BH-4 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Motion to Dismiss First Amended |
| INDYMAC BANK FSB, et al., | ) | Complaint as to Fidelity |
| | ) | National Information Services, |
| Defendants. | ) | Inc. |
| ———————————————— | ) | |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM OPINION AND DECISION

Defendant Fidelity National Information Services, Inc. ("Fidelity") seeks to dismiss this adversary proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) as made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012. The First Amended Complaint ("FAC") was filed by Kathy Diane Dittimus, the Plaintiff-Debtor, on June 30, 2010. In relevant part, Defendant argues that:

  1. Fidelity is neither a lender, servicer, generator of mortgages, nor a successor in interest or an assignee of any of those persons.

  2. It is not alleged that any dispute exists between the Plaintiff-Debtor and Fidelity under any claim or payment on a note in which Fidelity asserts any interest.

  3. It is not alleged that any contract or privity exists between the Plaintiff-Debtor and Fidelity.

  4. The FAC does not contain any allegations of conduct against Fidelity.

  5. The FAC sole reference to Fidelity is that Fidelity "provide[d] defendants with software and/or usage of NewTrak, and is in privity with the actual holder of this bankruptcy claim."

The court's decision is to grant the Motion as to all claims and Causes of Action, without prejudice and without leave to amend.

## Allegations in First Amended Complaint

The court's consideration of this Motion begins with the allegations actually made in the FAC as to the Defendants other than OneWest Bank. The FAC makes generic references to "Defendants" in making broad allegations of misconduct, which requires the court to consider the specific allegations of misconduct, which defendant is alleged to have engaged in the conduct, and then interpret what alleged misconduct relates to which subgroup of "Defendants" in the FAC.

The specific allegations in the Complaint include:

1. Plaintiff-Debtor is the debtor in this Chapter 13 case and resides in real property which secures an obligation of the Plaintiff-Debtor on a promissory note. FAC, ¶ 10.

2. IndyMac Bank, FSB received an adjustable rate promissory Note ("Note") FAC, ¶ 22.

3. The Deed of Trust securing the Note ("Deed of Trust")

2

1  does not provide for an escrow account.  FAC ¶ 30.

2      4.    MERS was assigned the servicing responsibilities for the
3  Note.  FAC, ¶¶ 11, 22.

4      5.    IndyMac Federal Savings Bank, FSB purchased the Note.
5  FAC, ¶ 14.

6      6.    The FDIC was appointed as receiver for IndyMac Bank and
7  its assets were passed through:

8      a.    IMB HoldCo, LLC, FAC, ¶¶ 15, 24;

9      b.    IMB Management Holdings, LLC, FAC ¶¶ 17, 24;

10     c.    OneWest Venture, LLC, FAC, ¶¶ 18, 24;

11     d.    OneWest Bank Group, LLC, FAC, ¶¶ 19, 24; and ultimately
12          to

13     e.    OneWest Bank, FSB, FAC, ¶¶ 12, 24.

14     7.    A general allegation that unidentified "Defendant(s)"
15  were the agents for the FDIC during the period the assets were
16  passed to OneWest Bank, FSB.  FAC ¶ 26.

17     8.    A general allegation that unidentified "Defendant(s)"
18  were the agents for OneWest Bank, FSB.  FAC ¶ 25.

19     9.    Fidelity National Information Services, Inc. is a
20  defendant with default software and/or usage of NewTrak, and is in
21  privity with the actual holder of the secured claim in this
22  bankruptcy case.  FAC, ¶ 20.

23     10.   Plaintiff-Debtor's Chapter 13 Plan provides for payment
24  of the Note as a Class 1 claim in this bankruptcy case.
25  FAC, ¶¶ 33, 38.

26     11.   OneWest Bank filed a proof of claim on or about
27  December 10, 2009, based on the Note and Deed of Trust which
28  includes all past due mortgage payments, property tax or insurance

advances, and escrow balances.  FAC, ¶ 35.

12.  An unnamed "Defendant," conducted an "Escrow Analysis" pursuant to RESPA upon notice of a bankruptcy filing.  FAC, ¶ 43.

13.  Unnamed "Defendants" do not distinguish between pre and post-petition escrow advances when conducting a post-petition escrow analysis.  FAC, ¶ 44.

14.  By filing a proof of claim an unnamed "Defendant," notified the Chapter 13 Trustee of a post-petition monthly plan payment increase to $2,276.00.  FAC, ¶ 40.

15.  An unnamed "Defendant" generated no less than eight (8) notices of changes in the monthly post-petition mortgage payment amount.  FAC, ¶ 47.

16.  Unnamed "Defendants'" acts of issuing the post-petition mortgage changes were for the purpose of collecting pre-petition claims.  FAC, ¶ 56.

17.  Actions of unidentified "Defendants" were willfully and intentionally done to obtain payment on pre-petition claims through increased post-petition Note payments.  FAC, ¶¶ 80, 81.

18.  Unidentified "Defendants'" use of the post-petition notices of Note payment increases are intentional, with knowledge of the automatic stay, systematic, and to collect pre-petition amounts owed by Plaintiff-Debtor.  FAC, ¶¶ 66, 67, 68, 71.

19.  Unidentified "Defendants" knew that when the Chapter 13 Trustee received the notices of post-petition increased Note payments, the Trustee would collect the increased amount from the Plaintiff-Debtor for the unidentified "Defendants."  FAC, ¶ 99.

20.  Unidentified "Defendants" increased the post-petition Note payments with the knowledge that it was improper and would not

4

be permitted by the court unless it was so provided in a confirmed Chapter 13 plan or pursuant to an order granting relief from the automatic stay.  FAC, ¶ 106.

21.  As a direct result of the post-petition notices of changes in the mortgage payments, objections to confirmation, and motions to dismiss, the Debtor made four (4) overpayments on the post-petition mortgage payments.  FAC, ¶ 51.

22.  Unidentified "Defendants'" post-petition escrow analysis includes "both post-petition advances of pre-petition escrow advances and fails to distinguish between escrow advances." FAC, ¶ 64.

23.  Unidentified "Defendants'" acts have resulted in Plaintiff-Debtor paying pre-petition taxes through the increased post-petition Note payments.  FAC, ¶ 74.

24.  Unidentified "Defendants'" acts have resulted in Plaintiff-Debtor paying for improper forced place insurance through the increased post-petition Note payments.  FAC, ¶ 75.

25.  Unidentified "defendants" are alleged to have conspired to collect escrow advances  through post-petition Note payment increases.  FAC, ¶ 97, 98.

The Plaintiff-Debtor makes reference to Fidelity in one place in the FAC.

> Upon information and belief defendant, Fidelity National Information Services, Inc., is a Delaware corporation with its principal place of business at 601 Riverside Ave., Jacksonville, Florida 32204-2901, and Fidelity representatives provide defendants with default software and/or usage of NewTrak, and is in privity with the actual holder of this bankruptcy claim.

FAC, ¶ 20.

Allegations are made in the Fifth Cause of Action for Civil

Conspiracy that unnamed defendants assist assignees in systematically concealing the collection of pre-petition arrearage through miscomputing post-petition mortgage payments in a Chapter 13 case.  FAC, ¶¶ 101, 104, 105, 106, 108.

Plaintiff-Debtor's Opposition attempts to state additional allegations not in the FAC.  These include contentions that Fidelity is an "outsource provider" of the NewTrak software which is used to miscompute the post-petition monthly mortgage payments in a Chapter 13 case.  Plaintiff-Debtor believes that support of the collection of pre-petition arrearage through miscalculation of post-petition monthly mortgage payments is with "reckless disregard for the results."  With Fidelity's support (software), creditors and their attorneys are circumventing both the Bankruptcy Code and the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 *et. seq.*, ("RESPA").  Plaintiff-Debtor contends that Fidelity should not be dismissed because its software "fails to distinguish between pre- and post-petition escrow claims when conducting applications involving escrow analysis and proof of claims, their programing that initiates the bankruptcy litigation in support of the collection of pre-petition claims, and/or resulting in the denial of Chapter 13 confirmation, conversion to Chapter 7, and eventual foreclosure of the debtor's home."  Plaintiff-Debtor Opposition, pg. 4:23-27, 5:1-11.  Dckt. 59.

**THE COMPLAINT**

Plaintiff-Debtor filed this adversary proceeding on March 29, 2010.  Dckt. 1.  The complaint seeks (1) declaratory relief and injunctive as to the rights and obligations of the respective parties to this adversary proceeding, including a statement of the

amount of contractual payments due, an accounting, and a detailed analysis of pre-petition and post-petition escrow shortages (Dckt. 1 at 11); (2) Money damages for violation of the automatic stay of 11 U.S.C. § 362(a) (Dckt. 1 at 12); (3) Money damages for violation of the automatic stay pursuant to 11 U.S.C. § 362(k)(1) (Dckt. 1 at 13); (4) Money damages for violation of the RESPA (Dckt. 1 at 15); and (5) Money Damages for civil conspiracy (Dckt. 1 at 16).  The court will consider each of the foregoing claims in turn.

In considering a motion to dismiss, it is necessary to identify what has actually been alleged by the Plaintiff-Debtor and against whom.  The only Defendant identified to have actually engaged in the complained of conduct is OneWest Bank.  Only OneWest Bank is alleged to have filed a claim in this case, only OneWest Bank is alleged to have sent a notice of increased post-petition mortgage payments, and only OneWest is alleged not to have sent the notice required under RESPA.  In their Opposition, the Plaintiff-Debtor can only make general, non-specific contentions as to Fidelity in this Adversary Proceeding.  In addressing the declaratory relief cause of action, the Plaintiff-Debtor states that the declaration of rights he seeks concerns the systematic business practices of "these defendants" who fail to distinguish between the pre- and post-petition arrearage when computing the post-petition Chapter 13 monthly mortgage payments.  Notice of the wrong use is imputed through the use of the NewTrak software.

## ANALYSIS

In considering a motion to dismiss, the court starts with the basic premise that the law favors disputes being decided on their merits, and a complaint should not be dismissed unless it appears

7

beyond doubt that the Plaintiff-Debtor can prove no set of facts in support of their claim which would entitle them to the relief. *Williams v. Gorton*, 529 F.2d 668, 672 (9th Cir. 1976).  Any doubt with respect to whether a motion to dismiss will be granted should be resolved in favor of the plaintiff.  *Pond v. Gen. Electric Co.*, 256 F.2d 824, 826-27 (9th Cir. 1958).  For purposes of determining the propriety of a dismissal before trial, allegations in the complaint are taken as true.  *Kossick v. United Fruit Co.*, 365 U.S. 731, 732 (1961).

The complaint must provide more than labels and conclusions, or a formulaic recitation of a cause of action; it must plead factual allegations sufficient to raise more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Federal Rule of Civil Procedure 8(a), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7008, requires that complaints contain a short, plain statement of the claim showing entitlement to relief and a demand for the relief requested.   As the Court held in *Bell Atlantic*, the pleading standard under Rule 8 does not require "detailed factual allegations," but it does demand more than an unadorned accusation or conclusion of a cause of action.  *Bell Atlantic*, 550 U.S. at 555.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (citations and quotation marks omitted).  Rule 8

1  also requires that allegations be "simple, concise, and direct."

2  Fed. R. Civ. P. 8(d)(1).

3      In ruling on a 12(b)(6) motion to dismiss, the Court may

4  consider "allegations contained in the pleadings, exhibits attached

5  to the complaint, and matters properly subject to judicial notice."

6  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  The court

7  need not accept unreasonable inferences or conclusory deductions of

8  fact cast in the form of factual allegations. *Sprewell v. Golden*

9  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Nor is the

10  court required to "accept legal conclusions cast in the form of

11  factual allegations if those conclusions cannot be reasonably drawn

12  from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d

13  752, 754-55 (9th Cir. 1994).

14                        **DECLARATORY RELIEF**

15      Declaratory relief is an equitable remedy distinctive in that

16  it allows adjudication of rights and obligations on disputes

17  regardless of whether claims for damages or injunction have arisen.

18  "In effect, it brings to the present a litigable controversy, which

19  otherwise might only be tried in the future." *Societe de*

20  *Conditionnement v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th

21  Cir. 1981).  The party seeking declaratory relief must show (1) an

22  actual controversy and (2) a matter within federal court subject

23  matter jurisdiction. *Calderon v. Ashmus*, 523 U.S. 740, 744 (1998).

24  There is an implicit requirement that the actual controversy relate

25  to a claim upon which relief can be granted. *Earnest v. Lowentritt*,

26  690 F.2d 1198, 1203 (5th Cir. 1982).

27      The court may only grant declaratory relief where there is an

28  actual controversy within its jurisdiction. *Am. States Ins. Co. v.*

*Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). The controversy must be definite and concrete. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937). Defendant argues that Plaintiff-Debtor has failed to set out any facts demonstrating that a RESPA Notice was generated to collect pre-petition claims. However, in reading the complaint in the light most favorable to the Plaintiff-Debtor, the Complaint does state that OneWest Bank conducted an escrow analysis, that the escrow analysis caused pre-petition escrow shortfalls to be included in post-petition payments, and that Plaintiff-Debtor and Chapter 13 Trustee were notified of this improper increased amount so that such amount would be paid post-petition to OneWest Bank.

But the Motion makes no allegation as to there being a dispute as to what should be the post-petition monthly mortgage payments between Fidelity and the Plaintiff-Debtor. No interest in Fidelity in the claim is asserted. At best, Plaintiff-Debtor asserts that OneWest is using Fidelity's software to miscompute the post-petition monthly mortgage payments.

There is no colorable dispute between the Plaintiff-Debtor and Fidelity alleged for this court to determine in this Adversary Proceeding. The Motion is granted and the claim for Declaratory Relief against Fidelity is dismissed without prejudice and without leave to amend.

## VIOLATION OF THE AUTOMATIC STAY

The Plaintiff-Debtor asserts that the conduct of recalculating and increasing the post-petition payments violated the automatic stay. The Plaintiff-Debtor alleges that OneWest Bank has asserted the claim in this case and sought to obtain payment on the

obligation evidenced by the Note.  As to Fidelity, no allegation is made as to any conduct or act on its part, other than having provided NewTrak software to some of the Defendants at some time, which was used by OneWest Bank in computing the post-petition monthly mortgage payments.

The court has addressed in a related motion to dismiss why the FAC fails to state a claim for violation of the automatic stay as to OneWest Bank.  As to Fidelity it is a much simpler discussion, no act or action by Fidelity is alleged.  The Opposition to the Motion merely argues that Fidelity makes software and that software is used by persons who the Plaintiff-Debtor asserts violate the automatic stay.  But it is never alleged that Fidelity or any of its agents acting for Fidelity have done anything to violate the stay.

The FAC is devoid of any allegations against Fidelity concerning an alleged violation of the automatic stay.  Merely listing a party to an action and then having general allegations against unnamed defendants does not state a plausible claim.  The Plaintiff-Debtor's opposition to the Motion, try as he might, shows that he has no plausible claim for violation of the automatic stay against Fidelity.

The motion to dismiss is granted and the Second and Third Causes of Action[1] for violation of the automatic stay against Fidelity are dismissed without prejudice and without leave to

---

[1]/ The Third Cause of Action asserts a "violation" of 11 U.S.C. § 362(k).  Subparagraph (k) is a remedies provision for violation of the other provisions of § 362.  The court reads the Second and Third Causes of Action as one claim for statutory damages under § 362(k), as opposed to a request for sanctions under 11 U.S.C. § 105 and the inherent powers of this court.

11

amend.

## REAL ESTATE SETTLEMENT PROCEDURES ACT

Plaintiff-Debtor further asserts that the Defendants have violated RESPA by (1) failing to provide the transfer of servicing notice, (2) improperly computing the monthly post-petition installments, and (3) sending incorrect post-petition RESPA escrow analyses to the Plaintiff-Debtor. The FAC does not allege that Fidelity was an assignee, transferee, or servicer of any loan subject to RESPA. It is clear from the FAC and the Opposition to the Motion, that at best Plaintiff-Debtor contends that OneWest Bank used Fidelity software to compute the post-petition monthly mortgage payments which Plaintiff-Debtor asserts are incorrect. This fails to state a plausible claim under RESPA against Fidelity. The court need not address the substantive defects in the Plaintiff-Debtor's failure to state a plausible RESPA claim as it has for OneWest Bank and other persons who may be assignees, transferees, and servicers. There are no allegations against Fidelity for the RESPA Cause of Action.

The Fourth Cause of Action is dismissed as to Fidelity without prejudice and without leave to amend.

## CIVIL CONSPIRACY

To establish a civil conspiracy in California one must show that Defendants jointly engaged in a tort. There is no separate civil action for conspiracy to commit a tort without there being an actual wrongful act committed. *Favila v. Katten Muchin Rosenman, LLP*, 188 Cal. App. 4th 189, 206 (2010); *see also* 5 WITKIN SUMMARY OF CALIFORNIA LAW TORTS, 10TH EDITION, §45. The effect of the "conspiracy" is that each of the Defendants involved is individually liable.

12

Through incorporating the general allegation paragraphs and the RESPA cause of action allegations, the general allegations of a conspiracy are generally made as to unidentified Defendants.

The California District Court of Appeal in *Black v. Bank of America*, 30 Cal. App. 4th 1 (1994) conducted the review of what constitutes a conspiracy claim and the proper basis for such a claim when the parties involved were a corporation and the agents or employees of the corporation. The *Black* Court concluded that it is well established California law that employees or agents of a corporation cannot conspire with their principal or employer when acting in their official capacity. In *Gruenberg v. Aetna Ins. Co*, 9 Cal. 3d 566 (1973), the California Supreme Court concluded that an insured could not state a conspiracy claim against his insurance company and a separate insurance adjusting firm, a separate law firm, and employees of the two separate firms because only the insurance company had a duty of good faith and fair dealing with the insured. The two separate firms were not a party to the insurance contract and did not have such a duty to the Plaintiff-Debtor. In its *Doctors' Co. v. Superior Court* decision, the California Supreme Court held that an attorney and an expert witness employed by an insurance company could not be held liable for conspiring to violate the company's statutory duties, again because the statutory duties were owed only by the insurance companies. 49 Cal. 3d 39 (1989).

In *Younan v. Equifax Inc.*, 111 Cal. App. 3d 498 (1980), the court rejected a conspiracy claim for constructive fraud alleged to be based on a breach of fiduciary duty owed by a disability insurer. The insurer's agents did not owe the plaintiff a

13

fiduciary duty, and only the insurer itself owed the fiduciary duty. However, the court allowed to stand a claim for conspiracy to commit actual fraud, since even the agents owed a duty to the plaintiff to "abstain from injuring the plaintiff through express misrepresentations, independent of the insurer's implied covenant of good faith and fair dealing."

This issue was further addressed by the Supreme Court in *Applied Equipment Corp. v. Litton Saudi Arabia Ltd*, 7 Cal. 4th 503 (1994). The Supreme Court first distinguished between alleged conspiracies arising out of tort claims and contract claims. For contract claims, there is no tort obligation for one contracting party not to interfere with the performance of the contract. There is merely a contractual obligation to perform as promised. Therefore, a person who is not a party to a contract cannot be bootstrapped into a conspiracy tort.

For there to be a civil conspiracy there must be,

> [t]he formation and operation of the conspiracy and damage resulting to a plaintiff from an act or acts done in furtherance of the common design . . . In such an action the major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity.

*Id.* at 512. However, each of the actors must have a duty to the person alleging a conspiracy. The conspiracy is to have a co-conspirator do the act that breaches everyone's respective duties.

In this case, all of the operative allegations have been made against OneWest Bank, FSB for the remaining causes of action in this Adversary Proceeding for which the non-specific conspiracy is alleged. The Plaintiff-Debtor only makes boilerplate allegations

14

that other unnamed Defendants "conspired" for the "recouping of pre-petition claims from post-petition estate property resulting in systematic injury to debtors."  Further, there is no allegation as to what duties, if any, that these unnamed Defendants owe to the Plaintiff-Debtor and the damages caused to them by the breach of those duties.

The court is also not persuaded by the general argument that all of these parties are participating in a chain of events which culminate with OneWest Bank, FSB intentionally miscomputing post-petition mortgage installments.  Though this Plaintiff-Debtor and counsel are convinced that a grand conspiracy exists to demand excessive payments because the co-conspirators believe that "nobody really cares because the debtor owes the money," this Plaintiff-Debtor may pursue claims against identified defendants, not merely a generic complaint where nobody is sure which unnamed defendant is an unidentified defendant under the various causes of action.  A complaint is not a free floating pleading in which persons are named, with the allegations against them to be determined at a later date.

In their Opposition, the Plaintiff-Debtor argues that each of the unnamed Defendants use various software systems and programs which improperly fail to distinguish between pre-petition and post-petition escrow arrearage.  This improper payment calculation is streamed through a nationwide network of attorneys who file proofs of claims and escrow disclosure statements which misstate the claim and post-petition monthly mortgage payments.  The Plaintiff-Debtor has not alleged what duty to this Plaintiff-Debtor owed by the unnamed Defendants has been breached.  Further, the Plaintiff-

1 Debtor has not identified the damages flowing from a breach of duty
2 by the unnamed Defendants.  At best, the contention is that the
3 Plaintiff-Debtor asserts that he does not like what the other
4 unnamed Defendants may do as part of their business practices to
5 other persons, and therefore seeks to recover damages from them as
6 part of a larger conspiracy of creditors and credit providers
7 against debtors in general.  This does not sufficiently state a
8 conspiracy claim against any of the Defendants with respect to this
9 Plaintiff-Debtor.

10     The court dismisses the Fifth Cause of Action for conspiracy
11 as to Fidelity, without prejudice and with leave to amend.

**CONCLUSION**

13     The motion to dismiss is granted in *toto* for all claims and
14 Causes of Action in the FAC as to Fidelity. The dismissal is
15 without prejudice and without leave to amend. The Plaintiff-Debtor
16 has previously availed himself of one amendment of this Complaint.
17 Further amendments must be sought by noticed motion, with a copy of
18 the proposed amended complaint filed as an exhibit in support of
19 such motion.

20     In granting this Motion the court does not make any
21 determination as to the propriety of any software or services sold
22 by Fidelity to creditors asserting claims in bankruptcy cases, or
23 the validity of any potential claims which this or other debtors
24 may assert against Fidelity.  Nor does this ruling address any
25 rights which creditors may or may not have against Fidelity arising
26 from claims or post-petition monthly mortgage payments improperly
27 asserted in bankruptcy cases.  Those issues will be for another day
28 and likely another court.

16

1   This Memorandum Opinion and Decision constitutes the court's
2   findings of fact and conclusions of law pursuant to Rule 52, Fed.
3   R. Civ. P. and Rule 7052, Fed. R. Bankr. P., and the court shall
4   issue a separate order consistent with this ruling.
5   Dated: October  3, 2011

7   RONALD H. SARGIS, Judge
8   United States Bankruptcy Court

17

This document does not constitute a certificate of service.  The parties listed below will be served a separate copy of the attached document(s).

---

Peter Macaluso
910 Florin Rd #111
Sacramento, CA 95831

Kathy Dittimus
2608 Millcreek Dr
Sacramento, CA 95833

Christopher Giaimo
1050 Connecticut Ave NW #1100
Washington, DC 20036

David Zaro
515 S Figueroa 7th Floor
Los Angeles, CA 90071-3398

Joseph Chairez
600 Anton Blvd #900
Costa Mesa, CA 92626

Terry Loftus
1770 4th Ave
San Diego, CA 92101

Thomas Aceituno
PO Box 189
Folsom, CA 95763

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814